# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

THOMAS L. WARD, Sr.,

    Plaintiff,

v.                                                           No. CIV 99-1070 BB/WWD

WAL-MART STORES, INC.,

    Defendant.

## OPINION

THIS MATTER comes before the Court on Defendant's motion to dismiss (Doc. 23). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the Court finds Plaintiff has not yet exhausted his administrative remedies. However, rather than dismissing the case, the Court will hold it in abeyance and remand the matter to the Equal Employment Opportunity Commission ("EEOC") until all of Plaintiff's claims have been pending before the EEOC for a total of 180 days and Plaintiff has obtained an EEOC decision or new right-to-sue letters.

Plaintiff filed several charges of discrimination with the EEOC, under the Age Discrimination in Employment Act ("ADEA"), Title VII, and the Americans with Disabilities Act ("ADA"). Before 180 days had expired from the date of any of the charges, Plaintiff requested and was granted what is known as an early right-to-sue letter as to each charge. Plaintiff made his requests pursuant to an EEOC regulation that allows the EEOC to issue an early right-to-sue letter if a high-ranking EEOC official has determined it is probable the EEOC will be unable to administratively process the charge within 180 days. *See* 29 C.F.R. § 1601.28(2) (1999); *Shepherd v. U.S. Olympic Comm.*, 94 F.Supp.2d 1136, 1144, fn. 4 (D.Colo. 2000) (quoting regulation). Following receipt of the early

right-to-sue letters, Plaintiff filed the instant lawsuit. Defendant has moved to dismiss the suit, maintaining Plaintiff did not exhaust his statutorily-mandated administrative remedies. Defendant necessarily argues the EEOC regulation allowing issuance of early right-to-sue letters is invalid.

The question raised by the motion to dismiss has been a topic of much discussion in district courts, as well as some circuit courts. The courts addressing the issue appear to be split approximately evenly, with a number of courts upholding the EEOC's practice of issuing early right-to-sue letters, and a number of courts rejecting it. *Compare, e.g., Martini v. Federal Nat'l Mortgage Ass'n*, 178 F.3d 1336, 1341, 1347 (D.C. Cir. 1999) (noting split of authority, and holding the EEOC has no power to issue early right-to-sue letters); *Shepherd v. U.S. Olympic Comm.*, 94 F.Supp.2d 1136, 1145 (D.Colo. 2000) (same); *Montoya v. Valencia County*, 872 F.Supp. 904, 906 (D.N.M. 1994) (finding EEOC's regulation allowing early right-to-sue letters inconsistent with statute), *with Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1063 (11th Cir. 1994) (finding that no legitimate purpose is served by forcing delay once the EEOC has determined it will not be able to process the charge within 180 days, and refusing to allow remand of a case to the EEOC); *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir. 1984) (noting established law in Ninth Circuit allows issuance of early right-to-sue letters). The Supreme Court has mentioned the subject only in dicta and only then in a tangential reference. *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 361 (1977) ("The 180-day limitation provides only that this private right of action does not arise until 180 days after a charge has been filed...it simply provides that a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but that he must wait 180 days before doing so."). The Tenth Circuit has not yet addressed the question. *See Shepherd*, 94 F.Supp.2d at 1145 (noting absence of Tenth Circuit authority on issue).

It is obvious this is a question upon which reasonable minds can differ. The Court must confess some sympathy for the practical position that it is pointless to require a plaintiff to wait the full 180 days for a right-to-sue letter, when the EEOC has already stated it will be unable to act on the charge within that time period. It is well-known that the EEOC is staggering under a huge workload, and in the Court's experience the EEOC is rarely able to process a case before the 180-day period expires. However, cases decided in this district have uniformly disapproved of the issuance of early right-to-sue letters. *See Montoya*; *Johnson v. Hall Fin. Group*, No. CIV-94-0885 (D.N.M. 1994); *Bullard v. Lockheed Eng'g & Sciences Co.*, No. CIV-93-830 (D.N.M. 1994); *see also Campos v. City of Artesia*, No. CIV-99-425 (order issued by Magistrate Judge Garcia, citing *Bullard,* abating case upon agreement of parties, and remanding to EEOC for completion of the 180-day investigation and reconciliation period). It would serve no useful purpose to confuse the law in this district, given the confusion that already exists in federal courts across the country. *See generally* Taylor Mattis, *Precedential Value of Decisions of the Court of Appeals for the State of New Mexico*, 22 N.M.L.Rev. 535 (1992) ("Conflicts, if allowed to persist, forfeit the benefits of certainty, stability and predictability of the law which the doctrine of stare decisis is intended to foster."). Furthermore, Plaintiff's interests will not be severely prejudiced if he is required to wait a few more months before pursuing this lawsuit. The Court will therefore follow *Montoya, Johnson,* and *Bullard* and hold that Plaintiff failed to exhaust his administrative remedies when he obtained the early right-to-sue letters from the EEOC.

Defendant maintains this case should be dismissed with prejudice and Plaintiff's claims put to an end. Defendant points out it is too late for Plaintiff to file new charges with the EEOC. However, Plaintiff does not need to file new charges with that agency. Instead, this Court is remanding the charges to the EEOC for completion of the 180-day periods that had already begun

when each right-to-sue letter was issued. This is the standard practice in cases such as this, and in the cases the Court has reviewed no plaintiff has been required to start over with a new EEOC charge, as Defendant requests. *See, e.g.*, *Martini*, 178 F.3d at 1348 (noting that EEOC stopped processing plaintiff's charge after 21 days; stating that plaintiff may file a new complaint only after EEOC has attempted to resolve her charge for an additional 159 days); *Shepherd*, 94 F.Supp.2d at 1145 ("Because the EEOC stopped processing Shepherd's charge 48 days after he filed it, he may file a new action including such claims only after the EEOC has attempted to resolve his charge for an additional 132 days."); *People v. Holiday Inns, Inc.*, 656 F.Supp. 675, 680 (W.D.N.Y. 1984) (remanding Title VII charges to EEOC for additional period of time necessary to constitute the 180-day period set out in statute); *Spencer v. Banco Real, S.A.*, 87 F.R.D. 739, 747 (S.D.N.Y. 1980) (same).

The only remaining question is whether the case should be dismissed without prejudice, or held in abeyance pending Plaintiff's exhaustion of his administrative remedies. In the absence of a statute-of-limitations problem, there may be no practical difference between the two. Perhaps due to this fact, courts have differed in their approach to cases such as one. Some have dismissed the case without prejudice, allowing the complaint to be refiled, if necessary, following the exhaustion of administrative remedies. *See, e.g., Robinson v. Red Rose Communications, Inc.*, 1998 WL 221028 (E.D.Penn.). Others have held the plaintiff's case in abeyance pending exhaustion of the EEOC process. *See Holiday Inns, supra; Spencer, supra.* Several cases have "suspended" the plaintiff's federal-court claims until the administrative remedies were exhausted. *See, e.g., Montoya*.

The Court has reviewed a Supreme Court case and a Tenth Circuit case, both of which, in analogous circumstances involving the ADEA, indicated it is preferable to hold a plaintiff's lawsuit in abeyance while he exhausts the required administrative remedy. *See Oscar Mayer & Co. v. Evans*,

4

441 U.S. 750, 764, fn. 13 (1979) (holding as follows: under ADEA, resort to administrative remedies provided by a state is mandatory, not optional, and federal-court lawsuit may not be brought unless state remedies have been exhausted; stating that suspension of federal-court proceedings, while administrative remedies are being pursued, is preferable to dismissal with leave to refile); *Marshall v. Sun Oil Co. of Pennsylvania*, 592 F.2d 563, 566 (10th Cir. 1979) (also decided under ADEA; holding that Secretary of Labor failed to adequately perform required conciliatory function before filing suit; also holding, however, that proper course of action for district court would be to stay federal-court proceedings until required informal conciliation can be concluded); *but see Hallstrom v. Tillamook County*, 493 U.S. 20, 31-32 (1989) (under different statutory scheme, Resource Conservation and Recovery Act ("RCRA"), case must be dismissed where action is barred by terms of a statute; distinguishing *Oscar Mayer,* apparently on grounds that dismissal of RCRA lawsuit serves important federal interests, while in *Oscar Mayer* requiring dismissal and refiling would serve no purpose other than creation of an additional procedural technicality).

Since *Oscar Mayer* and *Marshall* are analogous to this case, the Court will follow the direction contained in those cases. This case will therefore be held in abeyance pending Plaintiff's exhaustion of the required administrative remedies. If no resolution of the case is reached during the administrative process, and Plaintiff receives new right-to-sue letters, this case may be reopened. Since this case is being held in abeyance, it would be premature to decide whether Defendant's allegedly frivolous appeal of Plaintiff's unemployment-compensation award should be considered actionable under the ADEA, Title VII, or the ADA. The Court therefore does not address that issue in this opinion.

An Order in accordance with this opinion will issue.

Dated this 11th day of July, 2000.

                                                            BRUCE D. BLACK
                                                            United States District Judge